IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LEE ANGELA COGBURN                                                    PLAINTIFF

vs.                              Civil No. 6:14-cv-06047

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Lee Angela Cogburn ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under

Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to

conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a

final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this

authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this

matter.

1.    **Background:**

Plaintiff protectively filed her disability applications on June 20, 2011.  (Tr. 9, 109-118).  In

her applications, Plaintiff claims to be disabled due to blood clots in legs and lungs and coronary

disease.  (Tr. 135).  Plaintiff alleges an onset date of January 1, 2011.  (Tr. 9, 109, 111).  These

applications were denied initially and again upon reconsideration.  (Tr. 45-48).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages
for this case are referenced by the designation "Tr."

Thereafter, on December 16, 2011, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted.  (Tr. 66-67).  Plaintiff's administrative hearing was held on September 13, 2012 in Hot Springs, Arkansas.  (Tr. 25-44).  Plaintiff was present at this hearing and was represented by Hans Pullen.  *Id.*  Plaintiff and Vocational Expert ("VE") William David Elmore testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff testified she was thirty-two (32) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008), and had high school education.  (Tr. 30, 32).

After this hearing, on November 28, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI.  (Tr. 9-17).  In this decision, the ALJ found Plaintiff met the insured status of the Act through September 30, 2013.  (Tr. 11, Finding 1).  The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of January 1, 2011.  (Tr. 11, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: intermittent deep venous thrombosis, asthma, hypertension, morbid obesity, and cardiomyopathy.  (Tr. 11, Finding 3).  However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 12-15, Finding 5).  First, the ALJ indicated she evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform light work, except can occasionally climb stairs; can never climb ladders; and must avoid concentrated exposure to dusts, fumes, gases, odors, smoke, poor

ventilation, and other airborne irritants.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff did not have any PRW.  (Tr. 15, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 15-16, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Considering her age, education, work experience, and RFC, the ALJ determined Plaintiff retained the capacity to perform the following representative occupation: file clerk with 240,000 such jobs in the national economy and 2,300 such jobs in the regional economy; accounting clerk with 350,000 such jobs in the national economy and 3,000 such jobs in the regional economy; office helper with 160,000 such jobs in the national economy and 1,200 such jobs in the regional economy; and assembler with 60,000 such jobs in the national economy and 1,000 such jobs in the regional economy.  (Tr. 16).  Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, since her alleged onset date of January 1, 2011.  (Tr. 16, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 23).  On February 10, 2014, the Appeals Council denied this request for review.  (Tr. 1-4).  Plaintiff then filed the present appeal on April 10, 2014.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on April 11, 2014.  ECF No. 6.  Both Parties have filed appeal briefs. ECF Nos. 10, 13.   This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    <u>Discussion</u>:**

In her appeal brief, Plaintiff raises the following four arguments for reversal: (1) the ALJ's evaluation of the Listings was not supported by substantial evidence in the record; (2) the ALJ erred in evaluating Plaintiff's subjective complaints of pain; (3) the ALJ erred by failing to consider Plaintiff's mental impairments in combination with her other impairments; (4) the ALJ erred in the treatment of the opinions of Dr. Paul Tucker; and (5) the ALJ erred in submitting an incomplete hypothetical to the VE.  ECF No. 10.  Because the ALJ improperly evaluated her subjective complaints, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board,

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*.  (Tr. 12-15).

---

etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

Indeed, the only "inconsistencies" the ALJ notes are that Plaintiff "activities of daily living" which included taking care of her children, cooking, and cleaning. (Tr. 14-15 ). While these activities certainly demonstrate Plaintiff has some level of limited daily functioning, these findings do no demonstrate Plaintiff's subjective complaints of disabling limitations due to her alleged impairments are not credible. *See Reed v. Barnhart,* 399 F.3d 917, 923 (8th Cir. 2005) (recognizing "it is well-settled law that 'a claimant need not prove she is bedridden or completely helpless to be found disabled'") (citation omitted). Because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of April 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE